UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

St. Clair Marine Salvage, Inc.,

       Plaintiff,                          Case No. 2:12-cv-15027

v.                                  Sean F. Cox
                                     United States District Judge

Renee Clous,                    Laurie J. Michelson
                                     United States Magistrate Judge

That certain unnamed 1997 31 foot Cruisers, MC
No. 2859RL, her engines, tackle, apparel, furniture,
equipment and all other necessaries appertaining
and belonging,

       Defendant.
_____/

**ORDER**
**REQUIRING THE CLERK OF THE COURT TO ISSUE**
**A WARRANT FOR THE ARREST OF THE VESSEL SUBJECT TO THIS ACTION**

      The Plaintiff St. Clair Marine Salvage, Inc. ("Saint Clair") asserts that, on September 1,

2012, Defendant Renee Clous, the owner of the vessel subject to this action, contacted the Plaintiff

in order to inform it that the vessel had run aground in Lake St. Clair, and, later, entered into a

Salvage Agreement for its salvage services.  (Docket No. 1, at 2–3.)  St. Clair alleges that it

dispatched several salvage vessels to assist the vessel, and later dug a channel in order to dislodge

it from the hard clay bottom.  (*Id.*)  St. Clair allegedly sent an invoice to Clous in the amount of

$7,750.00.  (*Id.*)  No payment has been made at this time allegedly in breach of the Salvage

Agreement.  (*Id.*)

      The Plaintiff filed its Complaint on November 13, 2012.  (*Id.* at 1.)  In its Complaint, the

Plaintiff brings claims for (1) Enforcement of Its Preferred Maritime Salvage Lien, (2) Breach of Salvage Agreement, and (3) Quantum Meruit/Unjust Enrichment.  (*Id.* at 3–6.)  The Plaintiff demands the condemnation and sale of the vessel to pay St. Clair's preferred maritime lien for salvage services allegedly rendered by St. Clair in favor of the owner of the Vessel, Defendant Renee Clous.  (Docket No. 2, at 1.)

In order to enforce its lien, the Plaintiff filed "Plaintiff's Motion for Order Authorizing Issuance of Warrant for Arrest" for a "certain unnamed 1997 31 foot Cruisers, MC No. 2859RL, her engines, tackle, apparel, furniture, equipment and all other necessaries appertaining and belonging, *in rem*."  (*Id.* at 1.)  The motion was made pursuant to Rule C(3) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  (*Id*. at 3.)  That rule provides:

> (3) Judicial Authorization and Process.
>
> > (a) Arrest Warrant.
> >
> > > (i) The court must review the complaint and any supporting papers. If the conditions for an *in rem* action appear to exist, the court must issue an order directing the clerk to issue a warrant for the arrest of the vessel or other property that is the subject of the action.

Rule C(3), Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions.

Having reviewed the complaint and all the supporting papers, including the Salvage Agreement and Plaintiff's Supplemental Brief [Docket No. 14], the conditions for an *in rem* action appear to exist.

**IT IS ORDERED** that, pursuant to Rule C(3) of the Supplemental Rules for Admiralty or Maritime Claims and asset Forfeiture Actions, the Clerk of this Court is directed to issue a Warrant

of Arrest for the vessel subject to the above captioned matter.

       **IT IS SO ORDERED**.

                              S/Sean F. Cox
                              Sean F. Cox
                              United States District Judge

Dated:  December 21, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 21, 2012, by electronic and/or ordinary mail.

                              S/Jennifer McCoy
                              Case Manager